IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

KATIE J. FARRIS,

    Plaintiff,

vs.                                 No. 07-2659-JDB/dkv

CITY OF MEMPHIS, et al.,

    Defendants.
_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
AND
NOTICE OF APPELLATE FILING FEE
_____

Plaintiff Katie J. Farris has filed this pro se complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall record the defendants as the City of Memphis, Shelby County,[1] Principal C. Currie, Assistant Principal M. Malone, Officer J. Valentine, Officer J. Salvage, Officer Brown, Detective Gilliam, and Zaphire Brown. The Clerk shall not issue process in this case.

Katie Farris alleges that she complained to Defendant Valentine that her daughter, Toresha, was being harassed by two boys at school and that Valentine refused to write a report. She claims that she complained to both the Internal Affairs Department

---

[1] Plaintiff named the Bartlett Police Department and the Shelby County Sheriff's Department as defendants. As governmental divisions and departments are not suable entities, the Court construes the complaint as naming the City of Bartlett and Shelby County as the defendants. See generally Hafer v. Melo, 502 U.S. 21 (1991).

and Valentine's supervisor, Defendant Lieutenant J. Salvage, but was told there was nothing they could do. Farris insists that Defendant Assistant Principal Malone took no action to stop the harassment despite her requests and that Defendant Principal Currie "ignored the incident," "denies seeing it," and "stated the assault never happen [sic] on school ground [sic]."[2] As for Officer Brown, "Supervisor at Vollentine Precinct" directly across from Northside High School, Plaintiff maintains he refused to write a report, stating that the school should write one instead. She also alleges that Brown threatened to arrest her, cursed her daughter, and told her there was nothing he could do. According to Farris, the City of Memphis Board of Education is responsible for the actions of the Defendant Principals. Plaintiff also sues Zaphire Brown, a resident of Memphis, who she alleges was "called by her brothers" to "come to the school to intentionally harm" Farris and her daughter.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

(I) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2] Plaintiff's complaint does not explain what the incident was, who was involved, or where it occurred.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

To the extent Katie Farris asserts claims on behalf of her daughter, Toresha Farris, non-lawyers may not represent another person in court, even if the pro se party is a relative. See, e.g., Cheung v. Youth Orchestra Foundation, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994)(following Meeker and progeny); Snead v. Kirkland, 462 F. Supp. 914, 917 (E.D. Pa. 1978).

There is no cause of action under § 1983 merely for witnessing a constitutional violation. Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986); Rogers v. Gilless, No. 95-2220-Ml/Bre (W.D. Tenn. Apr. 28, 1995) (following Coon in dismissing claims by jail detainee as frivolous). Cf. Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984)(holding § 1983 cause of action is personal to the injured party); Krum v. Sheppard, 255 F. Supp. 994, 997 (W.D. Mich. 1966)(holding only an injured party has standing to sue). Plaintiff thus cannot assert any violations of her daughter's rights.

As Katie Farris cannot represent anyone but herself and may not assert any violations of her daughter's rights, the claims on behalf of Toresha Farris fail to state a claim upon which relief may be granted. The Clerk is directed to terminate Toresha Farris as a party to this case.

A complaint for civil rights violations must allege that the plaintiff has suffered the deprivation of a fundamental constitutional right. Browder v. Tipton, 630 F.2d. 1149 (6th Cir. 1980); Grant v. Hollenbach, 870 F.2d 1135, 1135 n.1 (6th Cir. 1989). Plaintiff alleges that Defendants Valentine, Salvage, Malone, Currie, and Brown took no action despite her requests and explained to her there was either nothing they could do or nothing to be done. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Farris complains that Officer Brown threatened to arrest her. It is well settled that neither verbal harassment nor the mere use of abusive language can support liability under § 1983. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)(holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment).

Plaintiff's complaint contains no allegations supporting an inference that she suffered any harm due to an unconstitutional policy or custom of the City of Memphis or Shelby County. A local governmental entity, such as a city, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city [or county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil

4

rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur). None of the facts alleged supports an inference that Plaintiff was harmed by an unconstitutional custom or policy of the city or county.

Defendant Zaphire Brown is a private citizen. Plaintiff, therefore, has no cause of action under the civil rights acts against Zaphire Brown. West v. Atkins, 487 U.S. 42, 55-57 (1988). In general, private individuals and companies do not act under color of state law. See id.; Polk County v. Dodson, 454 U.S. 312 (1981); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979).

Even though pro se complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Moralez v. Thiede, 828 F. Supp. 492, 493 (E.D. Mich. 1993). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. In re DeLorean Motor Co. v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993). Plaintiff's complaint fails to demonstrate any basis for this Court's jurisdiction.

The complaint seeks to assert claims which fail to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the court to dismiss this complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal

Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[3] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 5th day of May, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[4] The district court may extend this deadline one time by thirty days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.